354

THE STATE, EX REL. CELEBREZZE, JR., ATTY. GEN., APPELLANT, *v.*
K & S CIRCUITS, INC., APPELLEE.

[Cite as State, ex rel. Celebrezze, *v.* K & S Circuits, Inc. (1983),
6 Ohio St. 3d 354.]

(No. 82-1389—Decided August 31, 1983.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. E. Dennis Muchnicki* and *Mr. Edward P. Walker,* for appellant.

*Baggott Law Offices Co., L.P.A.,* and *Mr. Horace W. Baggott, Jr.,* for appellee.

SWEENEY, J. The sole issue before this court is whether an order denying a jury trial to the state in an action commenced under R.C. Chapter 6111 (Water Pollution Control) is a final appealable order pursuant to R.C. 2505.02.

R.C. 2505.02 states in relevant part:

"* * * [A]n order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed * * *."

Appellant maintains that under R.C. 2505.02, the trial court's decision was an order affecting a substantial right made in a special proceeding. Appellant argues that unnecessary time and expense will be spent if it is required to try the cause without a jury, and then appeal the jury trial issue. If on appeal appellant is found to be entitled to a jury trial, appellant would have to try the case a second time. On the other hand, appellant submits that if it could obtain review of the jury trial issue prior to trial, resources of both the litigants and the judiciary would be conserved.

Appellee contends that the appellant could have pursued this case to final judgment without prejudicing a right to appeal; and that the goal of "prompt and orderly disposal of litigation" is not served by allowing this type of interlocutory appeal. Continuing, appellee asserts that since R.C. Chapter 6111 was unknown at common law, the state is not entitled to a trial by jury as to the amount of civil penalties to be assessed.

In *Squire* v. *Guardian Trust Co.* (1946), 147 Ohio St. 1 [33 O.O. 179], this court stated at page 5:

"The prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object."

Then, in *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445 [16 O.O.3d 461], our opinion gave several examples of final reviewable orders arising from special proceedings, and we stated that "* * * a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment." *Id.* at 447.

Next, in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O.3d 158], this court stated, at page 258:

"* * * whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable."

Our review of the prior precedent in this realm leads us to conclude that an order denying a jury trial to the state in an action commenced pursuant to R.C. Chapter 6111 is not a final appealable order under R.C. 2505.02.

In the instant case, we do not believe that appellant's right to appeal the denial of a jury trial is compromised by the denial of interlocutory review. This is true, especially in light of "our reluctance to allow for immediate

review of rulings made during the pendency of a civil action." *Bernbaum, supra,* at 447. In implementing the balancing test set forth in *Amato,* we find the scales of justice weigh in favor of the need for prompt and orderly disposal of litigation, and we find this concern to be paramount within the context of most civil action proceedings.

If appellant wishes to appeal the trial court's assessment of a civil penalty on the grounds that a jury trial should have been allowed, it can do so after final judgment. Nevertheless, we do not find that R.C. 2505.02 encompasses the subject matter contained within the instant appeal. Although the appellant potentially faces two trials if successful on appeal, this is so in any case where a ruling by the trial court is not immediately reviewable.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, LOCHER, C. BROWN and J. P. CELE-BREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent, in that I conclude that the trial court's determination denying a jury trial in a water pollution enforcement action commenced pursuant to R.C. Chapter 6111 is a final order within a special proceeding as set forth in R.C. 2505.02.

In this court's most recent decision on the subject, *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O.3d 158], this court emphasized the practical considerations in determining whether the order is made in a special proceeding, as follows, at page 258:

"* * * [w]e determine that whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable."

This court held that an order, pursuant to Civ. R. 23(C), that an action may be maintained as a class action, is an order made in a special proceeding. Important to the court's decision were two factors: first, immediate review would conserve judicial resources and avoid the unnecessary imposition of enormous burdens, by allowing reversal of orders which improperly certify class actions; second, anything less than immediate review would not be meaningful since improper certification would increase the defendant's potential liability and litigation costs to the point where he would be forced to settle.

While this court has never decided the precise question as to whether an order denying a jury demand is an order made in a special proceeding, ap-

plication of the balancing test and criteria required by *Amato* dictates an affirmative response to such question in a water pollution enforcement action. As in *Amato*, a prompt review of the lower court's denial of the state's jury demand would produce very little harm to the "prompt and orderly disposition of litigation." Indeed, if anything, the immediate appeal would be beneficial to the "prompt and orderly disposition of justice." The trial of these environmental cases is extremely complicated, encompassing volumes of expert testimony. The trial in this case could take two weeks. When, upon appeal, it is ruled that the trial should have been to a jury, it will have to be remanded for a new trial to a jury. The entire two weeks consumed by the first trial would have been wasted. In addition, the retrial would probably be followed by a second appeal concerning the amount of penalty assessed by the jury. This would add an additional period of delay until that appeal is resolved. Thus, a failure to allow the appeal at this time would result in two separate time-consuming trials and two separate post-trial appeals, whereas allowing the appeal at this time would assure that there would be one trial conducted in the appropriate manner in the first instance, and only one appeal following that trial. Therefore, allowing the appeal at this time will have no detrimental effect on the "prompt and orderly disposition of litigation," but rather will actually result in conservation of judicial resources.

Accordingly, I would reverse the judgment of the court of appeals.