TILBERRY, APPELLEE, *v.* BODY ET AL., APPELLANTS.

[Cite as Tilberry *v.* Body (1986), 24 Ohio St. 3d 117.]

(No. 85-606—Decided June 18, 1986.)

118

*Eugene I. Selker* and *Mark A. Selker,* for appellee.

*Calfee, Halter & Griswold, Terence J. Clark* and *James C. Vanderwist,* for appellants.

*Per Curiam.* The sole issue presented for our determination is whether the trial court's judicial dissolution of the instant partnership is a final, appealable order pursuant to R.C. 2505.02.

The plaintiff-appellee submits that the order of dissolution rendered below is interlocutory in nature, and does not determine the action and prevent a judgment. Appellee further argues that the trial court's order was not made in a special proceeding and was not an order affecting a substantial right.

The defendants-appellants contend that the trial court's order of a judicial dissolution was rendered in contravention of the Uniform Partnership Act, and clearly affected their substantial rights, thus making such a dissolution (short of the winding-up phase) immediately appealable. Appellants argue that the trial court's order was made in a "special proceeding" under R.C. 2505.02, since the partnership dissolution was ordered pursuant to R.C. 1775.31(A). Appellants further contend that the trial court's disposition amounts to a final, appealable order because the dissolution rendered by the court "determine[d] the action" and "prevent[ed] a judgment."

For the reasons that follow, we hold that the instant judicial dissolution of the partnership does present a final, appealable order under R.C. 2505.02. Accordingly, we reverse the court of appeals' dismissal, and remand the cause to that court for the purpose of considering defendants' appeal on the merits.

R.C. 2505.02 provides in pertinent part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial. * * *"

In recent years, this court has been presented with numerous cases concerning the appealability of orders made by trial courts in the context of the foregoing statute. Our determinative inquiry involves whether the judicial dissolution of the partnership order by the trial court amounts to an order affecting substantial rights made in a special proceeding.

In the seminal case of *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O.3d 158], we stated that:

"* * * [W]hether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258. See, also, *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, 447 [16 O.O.3d 461]; and *State, ex rel. Celebrezze,* v. *K & S Circuits, Inc.* (1983), 6 Ohio St. 3d 354, 355-356.

Our review of the precedent in this area reveals that this court has been reluctant to allow immediate review of rulings made during the pendency of a case. *Columbus* v. *Adams* (1984), 10 Ohio St. 3d 57, 60.

While the prompt and orderly disposition of litigation has been described as the "paramount" factor to be considered in most civil proceedings, *State, ex rel. Celebrezze, supra,* at 356; *State* v. *Port Clinton Fisheries, Inc.* (1984), 12 Ohio St. 3d 114, 116, this court has held that "* * * a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment." *Bernbaum, supra,* at 447.

Thus, we must endeavor to weigh both factors in order to arrive at a fair and just resolution. The underlying issue which is not properly before this court, but which is nevertheless a crucial consideration in applying the *Amato* balancing test to the cause *sub judice,* is whether the terms of the partnership agreement or the terms of R.C. 1775.30(F) and 1775.31 should apply in this action brought by plaintiff with respect to the instant partnership.

In light of the factors set forth in *Amato, supra,* we note that the appellants attack the court-ordered dissolution as an improper remedy in light of the specific terms of the partnership agreement dealing with the withdrawal of a partner and the dissolution of the partnership entity. Based on *Amato,* we believe it is clear that the trial court's order of dissolution affects the substantial rights of all the partners, as well as the partnership itself, as an ongoing enterprise. The assets and proportions of each partner's interest in the partnership are definitely affected by the order of dissolution rendered below, because the trial court's action greatly alters the agreement and the rights provided therein that were propounded by the parties at the beginning of the partnership.

Likewise, we find that the trial court's order was one which was made in a special proceeding, since the court ordered a dissolution of the partnership pursuant to R.C. 1775.31(A), rather than according to the terms providing for the same in the partnership agreement. Additionally, we believe that a balancing of the *Amato* factors weighs in favor of immediate appealability in the instant case, because an appeal after final judgment would not be practicable.

Final judgment in the partnership dissolution ordered here will not occur until after the winding-up, accounting and distribution of the partner-

ship assets have been completed. If an appeal is not permitted until after the winding-up, accounting and distribution of partnership assets have been completed, a reversal of the trial court's dissolution on appeal would require the trial court to undo the entire accounting and to return all of the asset distributions. Such a set of circumstances would be chaotic at best, and virtually impossible to accomplish. As appellants point out, the disposition of partnership assets would result in irreparable harm (*e.g.,* termination of the partnership leasehold). On the other hand, the allowance of immediate appeal at this time would minimize the possible waste of judicial resources and would increase the likelihood that only one accounting and wind-up will take place, since such wind-up and accounting will be governed by either the partnership agreement or the Ohio Revised Code. In our view, judicial resources will actually be conserved by the allowance of an appeal at this juncture in the litigation because the crucial issue underlying the cause (*i.e.,* whether the Revised Code provisions should apply instead of the terms of the partnership agreement) will be satisfactorily adjudicated, and this will allow the court to proceed with a fair and equitable disposition of the instant controversy.

Therefore, based upon the foregoing analysis and precedent, we hold that where a partnership is ordered to be dissolved by a court order pursuant to R.C. 1775.31(A), even though there exists a valid agreement providing for the dissolution of such a partnership, such an order is a final, appealable order affecting a substantial right made in a special proceeding, pursuant to R.C. 2505.02.

Accordingly, the judgment of the court of appeals is reversed and the cause remanded to that court for further proceedings.

*Judgment reversed.*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and WRIGHT, JJ., concur.

LOCHER and DOUGLAS, JJ., dissent.

HOLMES, J., concurring. I believe this to be a prime example of the type of trial court determination that presents a final, appealable order of which I spoke in *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253 [21 O.O.3d 158]. As well stated by the majority in correctly applying *Amato,* an appeal after final judgment would not be practicable, in that after a partnership dissolution here "* * * a reversal of the trial court's dissolution on appeal would require the trial court to undo the entire accounting and to return all of the asset distributions." A valid application of the doctrine of judicial economy reasonably dictates the immediate appeal of all issues presented within this dissolution-of-partnership action.

Douglas, J. I respectfully dissent. The majority essentially employs a three-step analysis in concluding that the trial court's November 28, 1984 order was final and appealable. First, the majority states "* * * that the trial court's order was one which was made in a special proceeding, since the court ordered a dissolution of the partnership pursuant to R.C. 1775.31(A), rather than according to the terms providing for the same in the partnership agreement." Second, the majority asserts that since this is a special proceeding, the *Amato* factors must be balanced to determine whether there is a need for an immediate review because an appeal after a final judgment would be impractical. Third, the majority concludes, "[i]f an appeal is not permitted until after a winding-up, accounting and distribution of partnership assets have been completed, a reversal of the trial court's dissolution on appeal would require the trial court to undo the entire accounting and return all of the asset distributions."

I do not agree that this case involves a "special proceeding." Civ. R. 2 states, "[t]here shall be only one form of action, and it shall be known as a civil action." Civ. R. 1 states that the Civil Rules prescribe the procedure to be followed in all civil courts, except:

"(C) * * * (1) upon appeal to review any judgment, order or ruling, (2) in the appropriation of property, (3) in forcible entry and detainer, (4) in small claims matters under Chapter 1925, Revised Code, (5) in uniform reciprocal support actions, (6) in the commitment of the mentally ill, (7) in all other special statutory proceedings; * * *."

In my view, a "special proceeding" is one where the step-by-step *procedures* to be utilized are statutorily set forth. R.C. Chapter 1775 establishes no such scheme. It merely sets forth the *substantive* law of partnership. Thus, this case is simply an ordinary civil action. Even if I were to assume, for the sake of argument, that this case involved a "special proceeding," I would still be required to dissent, as I cannot accept the majority's view that "* * * an appeal after final judgment would not be practicable."

App. R. 7 provides that any party desirous of maintaining the status quo during the pendency of an appeal can apply for a stay of the trial court's final judgment. In my opinion, there should be no interlocutory appeal, and this case should proceed to final judgment in the trial court. Then, before execution of that judgment, appellants should apply for a stay. No irremediable harm would occur unless the application for a stay were to be denied, and we have no reason to believe that it would be denied.

Admittedly, the rule against interlocutory appeals can, at times, produce harsh results. But the rule is supported by four strong policy considerations. One, the rule prevents parties from engaging in costly delaying tactics at trial by appealing each adverse ruling as it is entered. Two, the losing party on a particular motion may ultimately prevail at trial, and not seek an appeal, thus saving appellate court time. Three, a single ap-

peal in which all objections to the trial court's rulings are raised will be much more efficient than numerous appeals, each requiring its own set of briefs, record, oral argument and appellate opinion. Finally, by avoiding interlocutory appeals, the trial court process can move rapidly and will not have to be stalled while waiting for the court of appeals to rule on some point. Friendenthal, Kane & Miller, Civil Procedure (1985) 581, Section 13.1.

I am sorry to say that today's decision and the court's recent holding in *Humphry* v. *Riverside Methodist Hosp.* (1986), 22 Ohio St. 3d 94, have so substantially eroded the rule against interlocutory appeals, that the rule is in danger of extinction.

For all of the foregoing reasons, I respectfully dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.