GENERAL ELECTRIC SUPPLY COMPANY *v.* WARDEN ELECTRIC, INC., APPELLANT; TRUMBULL MEMORIAL HOSPITAL, APPELLEE.

[Cite as General Electric Supply Co. *v.* Warden Electric, Inc. (1988), 38 Ohio St. 3d 378.]

(No. 87-1407—Submitted April 13, 1988—Decided September 14, 1988.)

*Arter & Hadden* and *Michael W. Currie,* for appellant.

*Hoppe, Frey, Hewitt & Milligan* and *William L. Hawley,* for appellee.

LOCHER, J.   The primary issue presented in this action is whether the trial court's order which denied a stay of proceedings pending arbitration and also dismissed the arbitration is a final, appealable order pursuant to R.C. 2505.02.[1] We hold in the negative and affirm the judgment of the court of appeals.

Section 3(B)(2), Article IV of the Ohio Constitution provides:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."

R.C. 2505.02 defines a "final, appealable order":

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final

order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

Warden contends that the trial court's order in the instant action is: (1) an order that affects a substantial right in an action which in effect determines the action and prevents a judgment; and (2) an order that affects a substantial right made in a special proceeding. TMH concedes that the order affects a substantial right.[2] However, TMH maintains that the order does not meet the remaining criteria contained in R.C. 2505.02.

This particular action presents a significant challenge because while we have long favored enforcement of written arbitration clauses, we have also favored the avoidance of interlocutory appeals. *Bellaire Bd. of Edn.* v. *Paxton* (1979), 59 Ohio St. 2d 65, 13 O.O. 3d 58, 391 N.E. 2d 1021. "This court has always been reluctant to allow immediate review of rulings made during the pendency of an action." *Columbus* v. *Adams* (1984), 10 Ohio St. 3d 57, 60, 10 OBR 348, 350, 461 N.E. 2d 887, 890. This reluctance is based upon the principle that "[t]he prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object." *Squire* v. *Guardian Trust Co.* (1946), 147 Ohio St. 1, 5, 33 O.O. 179, 181, 68 N.E. 2d 312, 314.

We begin our analysis of the cause *sub judice* by addressing Warden's

---

[1] This action is before this court on the narrow ground of whether the order of the trial court is a final, appealable order. Warden attempts to inject a constitutional impairment-of-contract argument into these proceedings with its first proposition of law which essentially contends that the trial court erred in finding waiver of the ar-

bitration. The waiver issue is not before us today and is the subject of a possible appeal by Warden in the future. Thus, we decline to address Warden's first proposition of law.

[2] Such a determination is clearly supportable.

contention that the trial court's order determines the action and prevents a judgment. A review of the proceedings below reveals that none of the issues, other than arbitration, pertaining to the controversy brought to the trial court *by Warden* in its cross-claim and third-party complaint, has been determined. By denying a stay of proceedings and dismissing the arbitration, the trial court has *not* determined whether TMH breached its contract with Warden. Nor has it determined whether TMH required Warden to perform extra work beyond that called for by such contract. A judgment for Warden has not been prevented. No judgments have been rendered for or against any of the parties and the trial court has retained jurisdiction over all concerned. The court action will proceed to determine the exact issues raised by Warden when it brought this case into the courts. The trial court simply determined that Warden waived its right to arbitration; this determination has no permanent effect of any kind. Therefore, we dismiss Warden's contention that the trial court's order determines the action and prevents a judgment.

Warden further contends that the trial court's order is an order that affects a substantial right made in a special proceeding. We disagree. The instant action is no more than an ordinary civil action filed in accord with the Civil Rules, in which contractual rights are in dispute. Therefore, it by no means involves a special proceeding.

Warden contends that this action involves a special proceeding pursuant to *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452. *Amato* arrived at the following balancing test for determining whether an order is made in a special proceeding: "This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456.

Even under the *Amato* balancing test, it is unquestionably clear that an appeal after final judgment is practicable. Warden has not forever lost its potential right to arbitrate. The waiver issue can be brought on appeal after final judgment by the trial court on the underlying action. Moreover, this ordinary breach of contract action may be resolved in Warden's favor and any further attempts to enforce the arbitration clause may be unnecessary. Warden also contends that the waste of judicial resources and cost of duplicative litigation will be great if an appeal cannot be brought at this time. We are mindful that some delay may occur by requiring this litigation to proceed. However, we find merit in the statement cited by TMH from *Pewter Mug* v. *M.U.G. Enterprises* (1975), 46 Ohio App. 2d 93, 95, 75 O.O. 2d 78, 79, 345 N.E. 2d 426, 428, wherein the Court of Appeals for Franklin County considered a similar issue:

"If an appeal is permitted at this time, a delay in disposition will take place, with a strong possibility of a second appeal on the merits, regardless of the mode of trial. Of course, on the other hand, * * * if the trial court ruled incorrectly as to the right of arbitration, there may be a necessity of two trials. The greater likelihood, however, is that the trial court ruled correctly on this interlocutory issue; hence, all issues may be resolved by one appeal. In addition, the complaining party may achieve satisfactory results in the initial forum, thereby rendering this issue moot for appeal. In any event, de-

laying an appeal on this issue best serves the interest of justice." See, also, *State, ex rel. Celebrezze,* v. *K & S Circuits, Inc.* (1983), 6 Ohio St. 3d 354, 356, 6 OBR 408, 410, 453 N.E. 2d 653, 655.

We also decline to accept Warden's argument that this action is a special proceeding because the arbitration statutes are involved. In *Paxton, supra,* we held that an order of a trial court staying all proceedings before it pursuant to R.C. 2711.02 and compelling the parties to arbitrate pursuant to R.C. 2711.03 was not a final, appealable order. Such statutes do not make the instant action a special proceeding. As stated above, this action is no more than an ordinary civil action filed in accord with the Civil Rules, in which contractual rights are in dispute. Thus, we find that this case does not involve a special proceeding.

Accordingly, we hold that an order of a trial court which denies a stay of litigation pending arbitration and grants a motion to dismiss the arbitration between parties that have contracted to arbitrate is not a final, appealable order pursuant to R.C. 2505.02 when it does not, in effect, determine the action and prevent a judgment.

We must note that the holding we have reached today does not in any way reflect a dissatisfaction with the sound policy that exists in favor of enforcing contractual arbitration rights.

We continue to encourage the use of arbitration as a means of privately settling disputes and relieving the burdens on the court system. However, in our view, the allowance of an appeal at this time would defeat the same policies that support the enforcement of arbitration clauses. Furthermore, our rule against interlocutory appeals is also supported by strong policy considerations which we seek to enforce with the issuance of our holding today.[3]

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES and DOUGLAS, JJ., concur.

SWEENEY, WRIGHT and H. BROWN, JJ., dissent.

WRIGHT, J., dissenting. I believe that the trial court order in the case at bar is a final, appealable order. To find otherwise, as the majority opinion does, leads to an anomalous result and defeats the whole purpose of arbitration, which is designed to avoid the formalities, delay, expense, and vexation of ordinary litigation.

In *Tilberry* v. *Body* (1986), 24 Ohio St. 3d 117, 24 OBR 308, 493 N.E. 2d 954, this court recognized that a substantial right of a party to a contract is

---

[3] Those policy considerations consist of the following: (1) the rule prevents parties from engaging in costly delaying tactics at trial by appealing each adverse ruling as it is entered; (2) the losing party on a particular motion may ultimately prevail at trial, and not seek an appeal, thus saving appellate court time; (3) a single appeal in which all objections to the trial court's rulings are raised will be much more efficient than numerous appeals, each requiring its own set of briefs, record, oral argument and appellate opinion; and (4) by avoiding interlocutory appeals, the trial court can move rapidly and will not have to be stalled while waiting for the court of appeals to rule on some point. See *Tilberry* v. *Body* (1986), 24 Ohio St. 3d 117, 122-123, 24 OBR 308, 312-313, 493 N.E. 2d 954, 959 (Douglas, J., dissenting), citing Friendenthal, Kane & Miller, Civil Procedure (1985) 581, Section 13.1.

affected where "the trial court's action greatly alters the agreement and the rights provided therein that were propounded by the parties * * *." *Id.* at 120, 24 OBR at 311, 493 N.E. 2d at 957. In the case at bar, the parties contractually agreed to refer all disputes to arbitration. The trial court dismissed the pending arbitration and, therefore, a substantial right has been affected.

While I agree with the majority that the controlling case law in this area is *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 21 O.O. 3d 158, 423 N.E. 2d 452, I disagree that the balancing test established in this case is weighted in favor of appellee. In analyzing this test, the majority addresses the practicability of an appeal after final judgment but fails to consider whether a later appeal would harm "the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources." *Id.* at 258, 21 O.O. 3d at 161, 423 N.E. 2d at 456.

The majority asserts that appellant "Warden has not forever lost its potential right to arbitrate. The waiver issue can be brought on appeal after final judgment by the trial court on the underlying action." But this assertion does not address an important element set forth in the *Amato* balancing test: judicial economy—one of the underlying goals of arbitration. I believe the significance of this element, especially in a situation such as this, swings the balancing test in favor of finding that arbitration is a "special proceeding" pursuant to R.C. 2505.02. Thus, the instant trial court order affects a substantial right made in a special proceeding and, therefore, is a final, appealable order.

Under today's majority opinion, if a trial court wrongfully rejects or stays arbitration, the parties cannot appeal until after a trial on the merits—even though a contractual provision agreed to by the parties clearly requires arbitration of any dispute between them. On appeal, if the appellate court remands for arbitration, it renders any judgment on the merits nugatory. Such a possibility stands foursquare against the public-policy arguments encouraging arbitration and discouraging unnecessary litigation and the concomitant legal fees. Simply put, a party should know early in the litigation process whether a dispute will be resolved by arbitration or by a trial on the merits.

The majority opinion disregards the general rule in a majority of states in this country. Thirty-two other states have adopted the Uniform Arbitration Act, which allows an appeal from orders compelling or refusing to compel arbitration.[4] 7 U.L.A., Business and Financial Laws, Uniform Arbitration Act (Master Ed., 1988 Cum. Supp.) 1.

In states that have not adopted the Uniform Arbitration Act, several courts have interpreted statutes similar to R.C. 2505.02 as permitting such appeals. Indeed, as far back as 1939, Chief Judge Frederick Crane of the Court of Appeals of New York held that a lower court decision denying a motion to enjoin an arbitration proceeding was "a separate and distinct special proceeding to stay arbitration,

---

[4] Uniform Arbitration Act, Section 19, states:

"(a) An appeal may be taken from:

"(1) An order denying an application to compel arbitration made under Section 2;

"(2) An order granting an application to stay arbitration made under Section 2(b);

"* * *

"(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

and the order is a final order" subject to appeal. *President Self Service* v. *Affiliated Restaurateurs* (1939), 280 N.Y. 354, 361, 21 N.E. 2d 188, 190. See, also, *Dewart* v. *Northeastern Gas Transmission Co.* (1953), 139 Conn. 512, 514, 95 A. 2d 381, 382; *R. W. Roberts Constr. Co.* v. *St. Johns River Water Mgmt. Dist.* (Fla. App. 1982), 423 So. 2d 630; *Lachkar* v. *Lachkar* (1986), 182 Cal. App. 3d 641, 227 Cal. Rptr. 501; *Evansville-Vanderburgh School Corp.* v. *Evansville Teachers Assn.* (Ind. App. 1986), 494 N.E. 2d 321; *Cabrini Medical Center* v. *Desina* (1985), 64 N.Y. 2d 1059, 489 N.Y. Supp. 2d 872, 479 N.E. 2d 217.

In addition, orders compelling arbitration are final under Section 1291, Title 28, U.S. Code, the federal equivalent to R.C. 2505.02, when they completely dispose of all issues. See *N.V. Maatschappij Voor Industriele Warden* v. *A.O. Smith Corp.* (C.A. 2, 1976), 532 F. 2d 874. Also considered final are arbitration orders issued on motion of a defendant in a pending suit. "So long as the motion directs all claims to arbitration, typically pursuant to a contractual agreement to arbitrate, the order is final under § 1291 * * *." *Miller* v. *Drexel Burnham Lambert, Inc.* (C.A. 11, 1986), 791 F. 2d 850, 852. See, also, *Coastal Industries, Inc.* v. *Automatic Steam Products Corp.* (C.A. 5, 1981), 654 F. 2d 375; *Naples* v. *Prepakt Concrete Co.* (C.A. 5, 1974), 494 F. 2d 511. It is undisputed that the arbitration provision involved in this case applies to "[a]*ll* claims, disputes and other matters in question between the Contractor and the Owner arising out of or relating to the Contract Documents or the breach thereof * * *."

Therefore, for the foregoing reasons, I must respectfully dissent.

SWEENEY and H. BROWN, JJ., concur in the foregoing dissenting opinion.