MEMORANDUM OPINION
{¶ 1} This matter is before this Court on Appellant's, David. L. VanBrimmer's, appeal from a March 23, 2004 judgment entry of the Chardon Municipal Court denying his demand for a jury trial. Appellee, Nationwide Mutual Insurance Company, has filed a motion to dismiss the appeal for want of a final appealable order.
 {¶ 2} In its motion to dismiss, appellee argues that this appeal should be dismissed because it does not contain any Civ.R. 54(B) language. In the instant case, Civ.R. 54(B) language is not needed because there are only two parties and a denial of jury trial. Therefore, this Court overrules appellee's motion to dismiss the appeal on the basis of no Civ.R.54(B) language.
 {¶ 3} For this Court to have jurisdiction over the appeal, the judgment entry must meet R.C. 2505.02 guidelines to be a final order. R.C. 2505.02(B)(1) provides in pertinent part: "An order is a final order that may be reviewed, affirmed, modified, or reversed with or without trial when it is * * * an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 4} The Ohio Supreme Court has addressed the issue of whether denial of a jury trial is a final appealable order. InState ex rel. Celebrezze, Jr. v. K S Circuits, Inc, (1983),6 Ohio St.3d 354, 355, the court noted "[o]ur review of the prior precedent in this realm leads us to conclude that an order denying a jury trial to the state in an action commenced pursuant to R.C. Chapter 6111 is not a final appealable order under R.C.2505.02." The Third Appellate District has stated: "[denial of jury trial] is not, in and of itself, a final appealable order and may be reviewed as a procedural incident to the final judgment * * *." Robinson v. McDougal (1988),62 Ohio App.3d 253, 258.
 {¶ 5} For the above reasons, this Court does not have jurisdiction over this appeal pursuant to R.C. 2505.02.
Appeal dismissed.
Christley, J., O'Neill, J., concur.