DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Heather S. ("Mother"), appeals from an order of the Wayne County Common Pleas Court, Juvenile Division, that refused to rule on the merits of a motion she filed after the trial court had dismissed this case. The appeal is dismissed for lack of a final, appealable order. *Page 2 
 I. {¶ 2} Although the procedural facts of this case are long and complicated, only a few facts are relevant to the disposition of this appeal. The case began in September 2005 with the removal of Mother's three minor children from her home pursuant to a dependency and neglect complaint filed by Wayne County Children Services Board. The children were later placed in the custody of their father, who did not reside with Mother. On September 14, 2006, because there were related paternity actions pending in the juvenile court, the trial court closed and dismissed the case.
 {¶ 3} After the dismissal, Mother filed a motion to modify the trial court's February 7, 2006 order of disposition, stressing her belief that the trial court had continuing jurisdiction over the case, despite its order of dismissal. On October 20, 2006, the trial court issued an order that explained that Mother's post-dismissal motion was void and dismissed the motion accordingly. Mother filed a notice of appeal on November 3, 2006.
 II. ASSIGNMENT OF ERROR I "THE JUVENILE COURT ERRED BY REFUSING TO HEAR [MOTHER'S] MOTIONS TO MODIFY DISPOSITION, BY REFUSING TO RECOGNIZE HER INVOCATION BY MOTION OF THE CONTINUING JURISDICTION OF THE COURT IN THE DEPENDENCY PROCEEDING, AND BY REFUSING TO PLACE AN ENTRY IN THE JOURNAL RECOGNIZING THE CONTINUING JURISDICTION OF THE COURT IN SAID PROCEEDING, IN VIOLATION OF THE PLAIN LANGUAGE *Page 3 
OF OHIO'S STATUTES, AND IN VIOLATION OF BASIC FAIRNESS AND DUE PROCESS UNDER U.S. CONST. AMEND. XIV."
 ASSIGNMENT OF ERROR II "WAYNE COUNTY JUVENILE COURT'S LOCAL RULE 16, APPLICABLE TO THIS CASE, IS OVERLY BROAD IN ITS SCOPE, VIOLATES THE DUE PROCESS CLAUSE OF U.S. CONST. AMEND. XIV, AND IS UNCONSTITUTIONAL BOTH ON ITS FACE AND AS APPLIED."
 {¶ 4} Although Mother has raised two assignments of error, this Court must first determine whether it has jurisdiction to reach the merits of her appeal.
 {¶ 5} Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. See, also, General Elec. Supply Co. v. Warden Elec, Inc. (1988),38 Ohio St.3d 378, 380.
 {¶ 6} The judgment appealed by Mother, the trial court's October 2006 order that refused to reach the merits of her post-dismissal motion, did not affect any of her rights, as the court had no jurisdiction to grant her any relief. After a judge unconditionally dismisses a case, he surrenders jurisdiction to take any further action in the case.State ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70, 71. After losing jurisdiction, a trial judge has no authority over the case, except as provided by the civil rules. As the Ohio Supreme Court stressed inPitts v. Ohio *Page 4 Dept. of Tramp. (1981), 67 Ohio St.2d 378, 380, "the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules."
 {¶ 7} Mother did not file her motion pursuant to Civ.R. 60(B) or any other civil rule. Mother's motion simply insists that the trial court retained continuing jurisdiction over the case, despite its order dismissing it, and asked the court to modify an order that it issued several months earlier. Because there is no specific prescription in the Civil Rules for Mother's "motion for modification" after the dismissal of the case, it must be considered a nullity and the trial court had no jurisdiction to rule on its merits. See Pitts and McGrath, supra. As such, the trial court's dismissal of Mother's motion did not affect a substantial right and, therefore, was not a final, appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 5 
Costs taxed to Appellant.
 WHITMORE, P.J. DICKINSON, J. CONCUR *Page 1