OPINION *Page 2 
{¶ 1} In December of 2003, appellant, Andre Ballard, and his company, B A Building Services, Inc., submitted a "Yard Account Application" with appellee, The Carter-Jones Lumber Co., dba Carter Lumber Co., for the purpose of purchasing materials on credit. Thereafter, the account became delinquent.
 {¶ 2} On September 12, 2005, appellee filed a complaint in the Court of Common Pleas of Knox County, Ohio against appellant and B A Building for money due and owing. On September 29, 2005, appellant filed a motion to dismiss, claiming in part res judicata because of a prior decision issued by the Mount Vernon Municipal Court (Case No. 05-CVH 00061). By judgment entry filed November 2, 2005, the trial court denied the motion.
 {¶ 3} Appellant and appellee both filed motions for summary judgment. By judgment entry filed January 9, 2007, the trial court granted appellee's motion for summary judgment, and awarded appellee as against appellant and B A Building $10,766.16.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT EVIDENCE IN THE RECORD ESTABLISHED THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT REGARDING THE PERSONAL LIABILITY OF ANDRE BALLARD FOR THE DEBTS OF B A BUILDING SERVICES, INC." *Page 3 
 II {¶ 6} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT BASED ON THE EVIDENCED (SIC) IN THE RECORD THE CARTER-JONES LUMBER CO., D/B/A/ CARTER LUMBER CO., (HEREIN AFTER SOMETIMES REFERRED TO AS `CARTER LUMBER CO.') IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW AS TO THE PERSONAL LIABILITY OF ANDRE BALLARD FOR THE DEBTS OF B A BUILDING SERVICES, INC."
 III {¶ 7} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT BASED ON THE EVIDENCE BEFORE THE COURT REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION: THAT ANDRE BALLARD IS PERSONALLY LIABLE FOR THE DEBTS OF CARTER LUMBER CO."
 IV {¶ 8} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED THAT BASED ON THE EVIDENCE BEFORE THE COURT CARTER LUMBER CO. WAS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."
 V {¶ 9} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT CARTER LUMBER CO. IS NOT BARRED FROM ASSERTING CLAIMS *Page 4 
AGAINST ANDRE BALLARD IN THE ABOVE CAPTIONED CASES AS A RESULT OF THE SUMMARY JUDGMENT RENDERED IN FAVOR OF ANDRE BALLARD, AND AGAINST CARTER LUMBER CO., ON JUNE 20, 2005, BY THE KNOX COUNTY MUNICIPAL COURT IN A CASED ENTITLED THE CARTER LUMBER COMPANY, D/B/A CARTER LUMBER CO., CASE NO. 05-CVH 00061 (JUDGE PAUL E. SPURGEON)"
 VI {¶ 10} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT B A BUILDINGS SERVICES, INC.'S USE OF A NAME OTHER THAN ITS FULL CORPORATE NAME IN A CONTRACT RENDERS ANDRE BALLARD LIABLE FOR DEBTS ARISING FROM THAT CONTRACT SINCE IT WAS SIGNED BY ANDRE BALLARD."
 VII {¶ 11} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT A B BUILDING SERVICES, INC.'S GENERAL REFERENCE TO ITS CORPORATE NAME ON THE SIGNATURE LINE OF A CREDIT APPLICATION, RATHER THAN THE USE OF ITS FULL CORPORATE NAME, RENDERS ANDRE BALLARD PERSONALLY LIABLE FOR DEBTS ARISING FROM THAT CONTRACT SINCE IT WAS SIGNED BY ANDRE BALLARD." *Page 5 
 VIII {¶ 12} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT THE DOCTRINE OF ESTOPPED (SIC) DID NOT BAR CARTER LUMBER CO. FROM ASSERTING THAT ANDRE BALLARD IS PERSONALLY LIABLE FOR THE DEBTS OF B A BUILDING SERVICES, INC."
 IX {¶ 13} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT IN THE ABSENCE OF A WRITING SIGNED BY ANDRE BALLARD, CLEARLY INDICATING HIS INTENT TO BE LIABLE FOR THE DEBT OF B A BUILDING SERVICES, INC., THAT SUCH PERSONAL LIABILITY OF ANDRE BALLARD CAN BE ESTABLISHED BY A DISPUTED AFFIDAVIT OF AN INTERESTED PARTY, OR OTHERWISE BY THE DISPUTED ORAL STATEMENTS OF A WITNESS."
 X {¶ 14} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT CARTER LUMBER CO.'S CREDIT APPLICATION UNAMBIGUOUSLY RENDERS ANDREW BALLARD PERSONALLY LIABLE FOR THE DEBTS OF CARTER LUMBER CO."
 XI {¶ 15} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, *Page 6 
THAT CARTER LUMBER CO.'S CREDIT APPLICATION DID NOT UNAMBIGUOUSLY RENDERS (SIC) B A BUILDING SERVICES INC. SOLELY LIABLE FOR DEBTS OF CARTER LUMBER."
 XII {¶ 16} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT THE MANNER IN WHICH B A BUILDING SERVICES, INC. WAS OPERATED RENDERS ANDRE BALLARD PERSONALLY LIABLE FOR THE DEBTS OF B A BUILDING SERVICES, INC."
 XIII {¶ 17} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED, AS A MATTER OF LAW, THAT CARTER LUMBER CO. WAS ALLOWED TO ASSERT A FRAUD CLAIM AGAINST ANDRE BALLARD AND/OR B A BUILDING SERVICE, INC. EVEN THOUGH CARTER LUMBER CO. FAILED TO PROPERLY ASSERT A FRAUD CLAIM IN ITS COMPLAINT FILED IN THE ABOVE CAPTIONED MATTER."
 XIV {¶ 18} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS IN FAILING TO PROPERLY WEIGH THE EVIDENCE OFFERED BY ANDRE BALLARD AND B A BUILDING SERVICE, INC. THAT ANDRE BALLARD NEVER INTENDED TO BECOME PERSONALLY LIABLE FOR THE DEBTS OF B A BUILDING SERVICES, INC." *Page 7 
 XV {¶ 19} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS IN THAT ITS DECISION IS NOT SUPPORTED BY APPLICABLE LEGAL AUTHORITY AND SAID DECISION IS NOT BASED ON RELEVANT, CREDIBLE AND RELIABLE FACTS."
 XVI {¶ 20} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS IN THAT ITS DECISION IS UNREASONABLE, ARBITRARY, CAPRICIOUS, EXCEEDS ITS POWER, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 XVII {¶ 21} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS IN THAT ITS DECISION IS AN ABUSE OF ITS DISCRETION."
 XVIII {¶ 22} "THE KNOX COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANTS IN HOLDING THAT ANDRE BALLARD IS PERSONALLY LIABLE FOR THE DEBTS OF B A BUILDING SERVICES, INC."
 XIX {¶ 23} "THE KNOX COUNTY COURT OF COMMON PLEAS LACKED JURISDICTION OF THE COMPLAINT FILED IN THE ABOVE CAPTIONED MATTER."
 {¶ 24} We will address Assignment of Error V as it is dispositive of the appeal. *Page 8 
 V {¶ 25} Appellant claims the trial court erred in granting summary judgment to appellee as against him because appellee's claims were barred by the doctrine of res judicata. We agree.
 {¶ 26} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 27} Prior to filing the case sub judice, appellee had filed its complaint against appellant and B A Building in the Mount Vernon Municipal Court (Case No. 05-CVH 00061). The trial court granted appellant a partial motion for summary judgment and dismissed him from the lawsuit. See, Judgment Entry filed June 20, 2005, attached to Appellant's September 29, 2005 Motion to Dismiss. Appellee then voluntarily dismissed the case on July 11, 2005, and refiled the case against appellant and B A Building in the Court of Common Pleas of Knox County. Civ.R. 41(A) governs voluntary dismissals. Subsection (1) states the following:
 {¶ 28} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 29} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; *Page 9 
 {¶ 30} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
 {¶ 31} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
 {¶ 32} Appellant argues res judicata applies in this case because of the decision in the Mount Vernon Municipal Court. Said decision states the following:
 {¶ 33} "The Court has reviewed the evidence, as defined by Civ.R. 56 filed in this matter. After considering this evidence and only this evidence, and after construing the evidence most strongly in favor of the Plaintiff, the Court finds that Defendant, Andre Ballard, signed the `Yard Account Application' as an officer of B A Building Services, Inc. and did not sign it in any individual capacity. Accordingly, the Court finds that the Defendant, Andre Ballard is entitled to judgment as a matter of law. Accordingly, the Defendant's Motion for Partial Summary Judgment is granted.
 {¶ 34} "It is therefore ORDERED, ADJUDGED and DECREED that the claims against the Defendant, Andre Ballard, are dismissed at the Plaintiff's costs."
 {¶ 35} Appellee argues its voluntary dismissal after the adverse ruling made the trial court's decision a nullity. Appellee further argues the summary judgment ruling was never a final appealable order and therefore the common pleas action was not bound by the doctrine of res judicata. *Page 10 
 {¶ 36} The seminal case on this issue is Denham v. City of NewCarlisle, 86 Ohio St.3d 594, 1999-Ohio-128. In Denham at 597, the Supreme Court of Ohio reviewed Civ.R. 41(A)(1) and held the following:
 {¶ 37} "We interpret this language to mean that a Civ.R. 41 dismissal dismisses all claims against the defendant designated in the dismissal notice and does not apply to defendants named in the complaint who are not designated in the notice of dismissal.
 {¶ 38} "This court has previously stated its desire to avoid piecemeal litigation. Gen. Elec. Supply Co. v. Warden Elec, Inc. (1988),38 Ohio St.3d 378, 380, 381-382, 528 N.E.2d 195, 197-198. However, in this case all the remaining parties to the suit have been dismissed. Therefore, the only issue to be determined is whether New Carlisle may be liable to Denham. This further supports the contention that a Civ.R. 41(A) dismissal should be construed to render the parties as if no suit had ever been brought, but only with respect to the parties dismissed. For these reasons we find that a Civ.R. 41(A) dismissal nullifies the action only with respect to those parties dismissed from the suit.
 {¶ 39} "Because we hold that a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties, the trial court's summary judgment decision meets the requirements of Civ.R. 54(B). Therefore, the trial court's summary judgment decision is a final appealable order.
 {¶ 40} "For all of the aforementioned reasons, we hold that a trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41 (A)(1)." *Page 11 
 {¶ 41} To accept appellee's argument would give an imprimatur to forum shopping as clearly evidenced in this case. This concern is expressed by the Denham court and by our brethren from the Second District inJackson v. Allstate Insurance Company, Montgomery App. No. 20443,2004-Ohio-5775, ¶ 33.
 {¶ 42} Appellee's voluntary dismissal had no force or affect on appellant because his liability had already been dismissed by the trial court via the motion for partial summary judgment. Once the voluntary dismissal was made, the ruling on the partial summary judgment motion became a final appealable order.
 {¶ 43} There is no evidence that any appeal was ever taken from the Municipal Court order. As such, the decision of the Mount Vernon Municipal Court is binding and the doctrine of res judicata bars appellee's claims raised against appellant in this case.
 {¶ 44} Assignment of Error V is granted. The remaining assignments of error are moot.
 {¶ 45} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby reversed.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is reversed. *Page 1