{¶ 6} The journal entry granting judgment on the pleadings states:
 {¶ 7} "Defendant Lee Bachman's motion for judgment on the pleadings and/or motion to dismiss is granted. Defendant Countrywide Home Loans, Inc.'s motion for judgment on the pleadings is granted. Case isdismissed with prejudice at plaintiff's costs." (Emphasis added.)
 {¶ 8} In National City Commercial Capital Corp. v. AAAA At YourService, Inc., 114 Ohio St.3d 82, 2007-Ohio-2942, the supreme court stated at ¶ 7:
 {¶ 9} "To be final, however, `an order must also determine an action and prevent a judgment.' Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88, 541 N.E.2d 64, citing Gen. Elec. Supply Co. v.Warden Elec, Inc. (1988), 38 Ohio St.3d 378, 528 N.E.2d 195, syllabus; R.C. 2505.02(B)(1). `For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' Hamilton Cty. Bd. of MentalRetardation Developmental Disabilities v. Professionals Guild ofOhio (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260. See State ex rel.Downs v. Panioto, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 20."
 {¶ 10} The court's journal entry dismissed the entire "case." As used by the court, the word "case" is synonymous with "action." See In reAppeal of Sergent (C.P.1976), 49 Ohio Misc. 36, 38. Consequently, the court's dismissal *Page 6 
encompassed all of Mitri's claims and not just those claims against Bachman and Countrywide Home Loans, Inc. Moreover, the dismissal was an adjudication on the merits under Civ.R. 41(B)(3), which provides that "[a] dismissal under division (B) of this rule and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Although I agree that the trial court erroneously disposed of all the claims against Premier Mortgage Funding of Ohio, Inc. because no dispositive motions had been filed by that party, the "case is dismissed" language used by the court was an adjudication on the merits as to all of those claims. It constituted a final judgment because it disposed of all the claims against Premier Mortgage Funding of Ohio, Inc. and left nothing else for adjudication. Pursuant to Civ.R. 54(B), we have jurisdiction to hear this appeal.
 {¶ 11} Mayor v. Ford Motor Company, Cuyahoga App. No. 81835, 2003-Ohio-2869, is not persuasive authority for the proposition that an unintended or sua sponte dismissal of a claim for relief is not a final disposition of that claim. The issue of finality for purposes of Civ.R. 54(B) is not dependent on whether the court had a dispositive motion before it when rendering judgment. For example, the supreme court has held that a court generally errs by entering summary judgment sua sponte in favor of a nonmoving party because "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party."Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus. See, also,State ex rel. J.J. Detweiler Ent v. Warner, *Page 7 103 Ohio St.3d 99, 2004-Ohio-4659. But in no case has the supreme court questioned the finality of an erroneous sua sponte judgment.Mayor appears to confuse the "correctness" of a judgment with "finality." Obviously, an incorrect judgment does not affect the finality of that judgment. I respectfully dissent from the dismissal of the appeal. *Page 1