**STEWART et al., Appellees,**

v.

**SHEARSON LEHMAN BROTHERS, INC., Appellant.**

[Cite as *Stewart v. Shearson Lehman Brothers, Inc.* (1992), 71 Ohio App.3d 305.]

Court of Appeals of Ohio,
Huron County.

No. H–91–052.

Decided Feb. 6, 1992.

*Patrick H. Boggs,* for appellees.

*Robert N. Rapp,* for appellant.

*Per Curiam.*

This matter is before the court on appellant, Shearson Lehman Brothers, Inc.'s motion for reconsideration of this court's judgment entry which dismissed appellant's appeal for the reason that the trial court's judgment entry is not a final appealable order. The trial court's judgment entry stated, *inter alia,* that "defendant's motion to dismiss or stay proceedings and compel arbitration is not well taken and therefore denied." This court originally

dismissed this appeal on the authority of *General Electric Supply Co. v. Warden Electric, Inc.* (1988), 38 Ohio St.3d 378, 528 N.E.2d 195, which held that an order denying a motion to stay proceedings pending arbitration is not a final appealable order. Subsequent to our dismissing this appeal, appellees, Ross E. Stewart et al., filed a motion to dismiss the appeal which is in substance the same as appellees' memorandum in opposition to appellant's motion for reconsideration. The court, having reviewed these motions and memoranda, finds the motion for reconsideration well taken and the motion to dismiss not well taken.

In its motion for reconsideration, appellant has referred this court to R.C. 2711.02, effective May 31, 1990, which states in part:

"An order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a *final order* and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, [pursuant to] Chapter 2505. of the Revised Code." (Emphasis added.)

Thus, R.C. 2711.02 has overruled *General Electric Supply Co. v. Warden Electric, Inc., supra.*

Appellees argue that notwithstanding R.C. 2711.02, the order appealed by appellant is still not final since it does not contain an express determination that there is no just reason for delay pursuant to Civ.R. 54(B). Civ.R. 54(B) states, in essence, that a trial court's order which does not adjudicate all the claims of all the parties in an action, in other words which does not dispense with the entire case, is interlocutory until the entire case is dispensed with unless the trial court makes an express determination that there is no just reason for delay, which language makes the interlocutory partial judgment final. However, R.C. 2711.02, by its express terms, makes a partial judgment which denies a stay of a trial of any action pending arbitration final and not interlocutory. Thus, since the judgment entry appealed is already final pursuant to R.C. 2711.02, there is no need for the trial court to make the express determination that there is no just reason for delay in entering final judgment on this issue pursuant to Civ.R. 54(B). The trial court's judgment entry has been made final by statute.

It is therefore ordered that this appeal be reinstated. Appellees' brief is due within twenty days of the date of this decision.

*So ordered.*

HANDWORK, P.J., GLASSER and SHERCK, JJ., concur.