JOURNAL ENTRY AND OPINION
David and Sally Simonetta appeal from a judgment of the common pleas court which denied their motion for default against Castle Inspections, Inc., dismissed their case, and ordered them to arbitrate their claim against Castle for negligent inspection of their home located on Longspur Road in Highland Heights, Ohio. The Simonettas complain on appeal that the trial court's order is void for lack of subject matter jurisdiction and that the court abused its discretion when it denied their motion for default judgment.
After considering the record presented to us on this appeal and the law, we have concluded that the assignments of error are not well taken and, therefore, we affirm the judgment of the trial court.
The history of the case reveals that the Simonettas constructed a new home; they hired Castle to inspect it, paid Castle a $250 fee, and signed a Property Site Information Pre-Inspection Agreement containing an arbitration clause. Following the inspection, the Simonettas purchased the house but later discovered serious structural defects with it which necessitated repair.
On September 15, 1994, the Simonettas sued Castle for negligent inspection of the home and several other parties for other breaches of contract. Castle never answered the complaint, but instead moved to dismiss it or compel arbitration; the court denied that motion on October 2, 1995, but never stated its reasons for doing so. During the course of the ensuing litigation, the Simonettas ultimately settled their case with all other parties. Thereafter, on March 13, 1998, the court conducted a default hearing against Castle who appeared and argued that the court had erroneously denied its motion to compel arbitration. Following the hearing, the court denied Simonetta's motion for default against Castle, reversed its October 2, 1995 order and permitted arbitration of the claim against Castle. From that order, the Simonettas now appeal and assign two errors for our review.
The first assignment of error states:
 THE ORDER OF THE TRIAL COURT IS VOID FOR LACK OF SUBJECT MATTER JURISDICTION.
The Simonettas rely on the case of Stewart v. Shears on LehmanBrothers, Inc. (1992), 71 Ohio App.3d 305, and argue that because the common pleas court has already entered a final appealable order in this case it cannot now amend that order. Castle, on the other hand, argues that the court decided the motion for default and can modify a previous ruling in a case.
The issue here then, concerns whether the court erroneously reconsidered the motion to dismiss and/or compel arbitration and whether it erred when it reversed that order.
R.C. 2711.02 states in part:
 An order under this section that grants or denies a stay of a trial of any action pending arbitration, * * *, is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *.
The Simonettas cite Stewart v. Shearson Lehman Brothers, Inc. (1992), 71 Ohio App.3d 305, 306, where the court stated:
 * * * R.C. 2711.02, by its express terms, makes a partial judgment which denies a stay of a trial of any action pending arbitration final and not interlocutory. Thus, since the judgment entry appealed is already final pursuant to R.C. 2711.02, there is no need for the trial court to make the express judgment on this issue pursuant to Civ. R. 54 (B). The trial court's entry has been made final by statute. (Emphasis added.)
However, Civ. R. 54 (B) states:
 When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subjection to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)
Civ R. 1 states in part:
(A) Applicability
 These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.
* * *
(C) Exceptions
 These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules. (Emphasis added.)
In this case, the court originally denied Castle's motion to dismiss and/or compel arbitration on October 2, 1995, in an order entered in a multiple party case, which did not include Civ. R. 54 (B) language and R.C. 2711.02 would control if there had not been multiple parties involved in the case. Civ. R. 54 (B), however, requires "no just reason for delay" language to be included in a trial court's entry in a multiple party case if it is to become a final appealable order. Here, since that language is not contained in the original court entry in this case which involved multiple parties, the October 2, 1995 order is an interlocutory one and may be reconsidered. Therefore, we have concluded the court did not err when it reconsidered its prior order, dismissed the case, and compelled arbitration of this claim. This is proper because the civil rules specifically direct that on procedural matters, the civil rules supercede the statute. Accordingly, this assignment of error is not well taken.
The second assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT.
The Simonettas contend the court abused its discretion when it denied their motion for default because Castle failed to file an answer in this case. Castle counters that it defended itself through the filing of its motion to dismiss in accordance with Civ. R. 55. The issue here then concerns whether the court abused its discretion when it denied the Simonettas' motion for default.
The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993),67 Ohio St.3d 108, 112; Blakemore v. Blakemore (1983) 5 Ohio St.3d 217,219.
Civ. R. 55 (A) provides in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *.
In Gibbons v. Price (1986), 33 Ohio App.3d 4, 10, the court stated:
 [B]y filing the motion to strike and then the motion for reconsideration, the appellees have entered a plea or otherwise defend the case. * * * Therefore, a motion for default judgment cannot be granted because the case is not uncontested.
 The Gibbons court cited Reese v. Proppe (1981), 3 Ohio App.3d 103, which stated:
 The words `otherwise defend' refer to attacks on the service, or motions to dismiss, * * * which may prevent default without presently pleading to the merits. (Emphasis added.)
In this case, Castle defended the Simonettas' claim by filing its motion to dismiss and/or in the alternative a motion to stay and compel arbitration. Default judgment would not have been proper since Castle had contested the claim, sought arbitration pursuant to its contract, and prevailed on its position. The ruling does not prejudice the Simonettas because they signed the contract which provides for arbitration of any disputes arising from its contract.
Accordingly, we have concluded the court did not abuse its discretion when it denied the Simonettas' motion for default, and we hereby overrule this assignment of error.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., PATRICIA A. BLACKMON, J., CONCUR.
 _________________________ PRESIDING JUDGE TERRENCE O'DONNELL