DECISION AND JUDGMENT ENTRY
Kreepy Krauly USA appeals the Municipal Court of Portsmouth's denial of its application to stay the proceedings of the court pending arbitration. Carl and Belinda Smith contend that the denial of an application to stay is not a final, appealable order. We disagree because R.C. 2711.02 specifically provides that an order denying a stay pending arbitration is a final, appealable order. Kreepy Krauly contends that the trial court erred in refusing to enforce the arbitration clause of the warranty agreement. We disagree because, even if the arbitration clause is enforceable, Kreepy Krauly waived its right to enforce the clause. Accordingly, we affirm the judgment of the trial court.
 I.
The Smiths purchased an automatic swimming pool cleaner manufactured by Kreepy Krauly. The purchase included a limited warranty. The Smiths allege that they used the pool cleaner in a normal manner, and the pool cleaner caused great damage to their swimming pool liner. They filed suit in the small claims division of the trial court on June 16, 1999 and attached a copy of the warranty.
Kreepy Krauly moved for a continuance on July 26, 1999, and sought transfer of the case to the trial court's regular docket so that it could conduct discovery and prepare to present defenses to the Smiths' claim. The trial court granted the continuance and transferred the case to the court's civil docket. On January 24, 2000, Kreepy Krauly filed a second motion for a continuance, which the trial court granted. On March 15, 2000, Kreepy Krauly filed an application to stay the proceedings so that the matter could be arbitrated pursuant to paragraph 19 of the warranty. Paragraph 19 provides in part that "[a]ny dispute among customer and manufacturer will be settled by binding arbitration conducted in Broward County, Florida."
The trial court denied Kreepy Krauly's application to stay the proceedings, and Kreepy Krauly timely filed a notice of appeal. On appeal, Kreepy Krauly asserts the following assignment of error:
 The trial court erred in denying Defendant-Appellant's Application to Stay the Proceedings pursuant to R.C. 2711.01 et seq.
 II.
Initially, we address the Smiths' contention that we do not possess subject matter jurisdiction over this matter because the order of the trial court is not a final, appealable order.
R.C. 2711.02 governs an application to stay proceedings pending arbitration. It provides, in relevant part:
 An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
R.C. 2711.02 renders a judgment that denies a stay of proceedings pending arbitration final and appealable. Stewart v. Shearson Lehman Bros., Inc.
(1992), 71 Ohio App.3d 305.
In this case, Kreepy Krauly sought a stay pending arbitration pursuant to an alleged agreement for arbitration, and the trial court denied that application for a stay. Hence, the order falls squarely within the purview of R.C. 2711.02. Accordingly, we find that the order is a final, appealable order, which is properly before this court.
 III.
In its sole assignment of error, Kreepy Krauly asserts that the trial court erred in refusing to stay the proceedings and enforce the arbitration clause contained in the warranty. The Smiths assert that Kreepy Krauly waived any right it possessed to enforce the arbitration clause. In reviewing a trial court's determination that a party has waived its right to arbitrate, we apply an abuse of discretion standard.Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
When a party to an arbitration agreement is confronted with a lawsuit, it may preserve its right to arbitrate by seeking to enforce the arbitration clause. Harsco at 412. A trial court must grant an application to stay proceedings pending arbitration under a binding arbitration agreement, "provided the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02. Failure to move for a stay pursuant to R.C. 2711.02, coupled with responsive pleadings in the lawsuit, constitutes a waiver of the right to arbitrate. Austin v.Squire (1997), 118 Ohio App.3d 35; Mills v. Jaguar-Cleveland Motors,Inc. (1980), 69 Ohio App.2d 111, 113.
To prove that a defending party waived its right to arbitration, a complainant is required to demonstrate that the defending party knew of an existing right to arbitration but acted inconsistently with that right to arbitrate. Harsco at 414. A defending party who files an answer in a lawsuit nonetheless may move for a stay pending arbitration provided: (1) the party affirmatively pled the application of the arbitration clause in the answer, and (2) the party did not conduct itself in a manner demonstrating a waiver. Id. at 416.
In determining whether a party satisfies the second of the Harsco
factors, "[t]he essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Id. at 413-414. Circumstances which the court may consider in determining whether the party has acted in a manner that waived the right to arbitrate include: "(1) any delay in the requesting party's demand to arbitrate via a motion to stay the judicial proceeding * * *; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding * * *; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint * * *; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. Id., quotingPhillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 71024, unreported. A finding of prejudice to the non-requesting party is not an absolute requirement. Phillips.
In this case, Kreepy Krauly clearly was aware of the arbitration clause, as it is contained in the warranty that the Smiths attached to their complaint. However, Kreepy Krauly failed to affirmatively plead the application of the arbitration clause in its answer. Additionally, Kreepy Krauly's conduct did not demonstrate intent to arbitrate. Rather, Kreepy Krauly gave the Smiths every indication that it intended to litigate; it stated in its application to transfer to the civil division that it intended to conduct discovery and prepare defenses, and it sought two continuances. Based on the totality of the circumstances, we cannot say that the trial court's decision to deny the stay was unreasonable, arbitrary or unconscionable.
Accordingly, we overrule Kreepy Krauly's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Municipal Court of Portsmouth to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
 _____________________ Roger L. Kline, Judge.