In January 1999, appellants, Ante and Ivka Bakula ("Bakulas") entered a written contract with appellee, Schumacher Homes, Inc. ("Schumacher"), by the terms of which Schumacher was to build a single family residence in Newbury, Ohio. The home was to be completed by October 15, 1999. On April 23, 1999, Bakulas received a "New Home Owner Manual" which included a limited warranty and an arbitration clause. The original contract contained no such arbitration clause.
Bakulas complained about lack of progress in construction and filed a breach of contract case on February 16, 2000, in the Geauga County Common Pleas Court. The complaint also alleges fraud, justifiable reliance and misrepresentation.
On March 3, 2000, Schumacher filed a motion to dismiss or, in the alternative, to stay proceedings pending arbitration. On March 16, 2000, the court granted a stay of the proceedings pending arbitration. Bakulas appeal assigning four errors:
 "[1.] The Trial Court erred to the prejudice of [appellants] by staying the proceedings pending arbitration, and effectively denying [appellants] their right to due process, including the right to a trial by jury, when the written agreement which forms the basis of the claims does not contain an arbitration clause.
 "[2.] The Trial Court erred to the prejudice of [appellants] by staying the proceedings pending arbitration, and effectively denying [appellants] their right to due process, including the right to a trial by jury, when the clear and concise language of the arbitration clause limits the claims that may be sent to arbitration.
 "[3.] The Trial Court erred to the prejudice of [appellants] by staying the proceedings pending arbitration, and effectively denying [appellants] their right to due process, including the right to a trial by jury, when the Limited Warranty which contains the arbitration clause is not an effective document.
 "[4.] The Trial Court erred to the prejudice of [appellants] by staying the proceedings pending arbitration, and effectively denying [appellants] their right to due process, including the right to a trial by jury, when the Limited Warranty is a separate contract by which [a]ppellee purportedly limited its liability without giving consideration to [a]ppellants."
Appellee presents a threshold, jurisdictional argument in that the judgment of the trial court is not a final appealable order. Reliance upon the holding in Bd. of Edn. v. Paxton (1979), 59 Ohio St.2d 65, paragraph one of the syllabus, that when the trial court stays proceedings and compels arbitration pursuant to R.C. 2711.02 and 2711.03, such order is not a final appealable order, as denominated in R.C. 2505.02, is misplaced. In 1990, R.C. 2711.02 was amended to make such orders specifically appealable. Further, Civ.R. 54(B) determination by the trial court is not required. Stewart v. Shearson Lehman Bros. Inc. (1992),71 Ohio App.3d 305.
In their first assignment of error, appellants claim a denial of due process, including the right to jury trial, by the arbitration referral, because the written agreement upon which the complaint is based has no arbitration clause.
It is necessary to examine the January 31, 1999, construction contract in its entirety to determine whether the New Home Owner Manual, executed April 23, 1999, is a part of the agreement upon which the action is based.
Paragraph four of the January 31, 1999, contract provides:
 "* * * [this] purchase agreement, limited warranty, construction specifications, and drawings constitute the entire agreement between the parties and no additions, deletions or modifications thereof shall be effective unless in writing and signed by both parties * * *."
There is no other provision in the original written agreement that addresses the issue of arbitration.
Appellee claims that the inclusion of the "limited warranty," identified in the original contract, incorporates the provisions thereof, including the provisions for arbitration that are a part of the New Home Owner Manual executed some eighty-two days later. It is worthy of note that the parties signed the last page of the limited warranty. The trial court necessarily agreed with this interpretation in ordering the matter stayed pending arbitration.
We conclude that the provisions calling for arbitration were a part of the contract between the parties. The parties here got what they bargained for. There is no denial of due process in the ruling of the trial court.
The first assignment of error is without merit.
The second assignment of error is more narrowly crafted. It challenges the reach and scope of the arbitration clause. Appellants claim that the issues involved in their complaint are beyond the reach of the agreement to arbitrate; thus, the order to arbitration violates their right to trial by jury.
The salient provision of the Limited Warranty provides:
 "In the event that a dispute arises concerning this Limited Warranty or the performance of Builder hereunder, the dispute shall be submitted to binding arbitration under the rules of the American Arbitration Association."
Appellants argue that the dispute here concerns breach of the purchase agreement, its specifications and drawings. The contract is not ambiguous, but even if it is, it is to be construed strictly against the party who drafted it, the Appellee. Kennison v. Progressive Ins. Co. (May 3, 1996), Lake App. No. 95-L-080, unreported, at 10.
Further, they argue that the arbitration clause is specifically limited to issues arising out of the warranty provisions of the contract. The Limited Warranty has the following language:
 "THIS LIMITED WARRANTY CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES AND THE OBLIGATIONS OF BUILDER ARE EXPRESSLY LIMITED TO THE OBLIGATIONS SPECIFICALLY ENUMERATED HEREIN. THERE ARE NO OTHER EXPRESSED OR IMPLIED WARRANTIES. BUILDER SHALL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES."
An examination of the complaint demonstrates that many of the counts are directly related to the warranties, and what amount to breaches thereof. For example, in Count III, appellants allege violation of the local building code; however, the Limited Warranty specifically provides that construction shall be in compliance with local code. In Count VI appellants allege nonworkmanlike construction and deviance from the construction specifications and drawings; the Limited Warranty establishes the "normal industry standard" for determining such issues.
The scope of the power and authority of the arbitrator to determine all of the issues raised by the appellants in their complaint is left to the arbitration process. An abuse of that power is reviewable by the aggrieved party, after completion thereof. If the arbitrator concludes that parts of the complaint are beyond the jurisdiction or authority of the arbitrator, they may be remanded to the trial court for further proceedings according to law.
The order of the trial court is not a denial of due process, including the right of trial by jury.
The second assignment of error is without merit.
Thirdly, appellants argue that the Limited Warranty is not an "effective" document. The first page of the document has a space for the commencement date which has been left blank. The signature page only acknowledges that the document was received and reviewed, and a copy received by appellants; it does not recite that the terms and conditions contained therein were accepted. They also allege that the document only becomes effective when appellants have taken possession and moved into the home.
None of these arguments persuaded the trial court, and they do not avail here.
In the absence of a commencement date, they apply to the entire contract between the parties, and are binding and enforceable during the entire period of construction as well as the warranty period after completion.
The third assignment of error is without merit.
In their final assignment of error appellants tender a constitutional, due process, challenge to the decision of the trial court. We have previously determined that the Limited Warranty is part of the total contract between the parties. Thus, there is no deprivation of due process by the trial court's determination to stay these proceedings pending arbitration.
The fourth assignment of error is without merit.
The judgment of the Geauga County Count of Common pleas is affirmed.
 __________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
O'NEILL, P.J., dissents with Dissenting Opinion,
FORD, J., concurs.