OPINION
{¶ 1} Defendant-appellant The Insurance Company of Pennsylvania ("ISOP") appeals the October 18, 2002 Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of plaintiff-appellee David Welsh and denied ISOP's motion for summary judgment.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On January 7, 1997, Fannie Welsh was driving home from work in an automobile owned by her husband, Keith Welsh. Angela Welsh, Fannie Welsh's daughter, was also a passenger in the vehicle. The accident resulted from the negligence of Thomas Sherwood. Following the accident, Fannie Welsh prematurely gave birth to Eleni Welsh. Eleni died a few hours after delivery.
 {¶ 3} Mr. Sherwood had automobile liability coverage with limits of $100,000 per person and $300,000 per accident. Keith Welsh, as the administrator of the Estate of Eleni Welsh, settled with the tortfeasor for the $100,000 liability limit. The Stark County Probate Court divided the settlement among Keith and Fannie Welsh, the parents of Eleni Welsh, and Cathleen and David Welsh, the paternal grandparents of Eleni Welsh. Veneta Lalli, the maternal grandmother of Eleni Welsh, did not receive any of the settlement proceeds, nor did she attend the probate court hearing.
 {¶ 4} At the time of the accident, Keith and Fannie Welsh resided with David and Cathleen Welsh, Keith's parents. Keith, Fannie and Cathleen were employees of Alliance Community Hospital. Alliance Community Hospital had in effect a business auto policy providing UM/UIM coverage issued by Indiana Insurance Company; a commercial general liability policy issued by OHIC Insurance Company; and an umbrella policy issued by OHIC.
 {¶ 5} On the date of the accident, David Welsh was employed by R. Kurtzman. The Insurance Company of the State of Pennsylvania ("ISOP") issued a commercial automobile policy and a commercial general liability policy to R. Kurtzman, which policies were in effect at the time of the accident.
 {¶ 6} Veneta Lalli was employed by Coastal Pet Products, Inc. on the date of the accident. Coastal Pet was insured by Westfield Insurance Company under a business automobile policy providing UM/UIM coverage; a commercial general liability policy; and a commercial umbrella policy. Veneta also had in effect her own personal auto policy issued by Allstate Insurance Company.
 {¶ 7} On June 22, 2001, appellees filed a declaratory judgment action in the Stark County Court of Common Pleas seeking coverage under the nine separate policies of insurance noted above. All of the parties filed a motion for summary judgment. Via Judgment Entry filed October 18, 2002, the trial court granted appellees' motion for summary judgment and denied ISOP, OHIC, Westfield, Indiana and Allstate's motions for summary judgment. The trial court ordered all parties to arbitration to determine the issue of total damages. The trial court did not determine whether the insurers must pay on a primary, excess or pro rata basis.
 {¶ 8} Indiana, OHIC, Westfield and ISOP all filed separate notices of appeal. The matter currently under consideration concerns the appeal filed by ISOP. ISOP raises the following assignments of error for our consideration:
 {¶ 9} "I. THE TRIAL COURT IMPROPERLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENIED ISOP'S MOTION FOR SUMMARY JUDGMENT BECAUSE DAVID WELSH'S FAILURE TO PROVIDE PROPER TIMELY NOTICE OF HIS UM/UIM CLAIM ACTUALLY PREJUDICED ISOP.
 {¶ 10} "II. THE TRIAL COURT IMPROPERLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENIED ISOP'S MOTION FOR SUMMARY JUDGMENT BECAUSE CGL POLICY DOES NOT PROVIDE UM/UIM COVERAGE.
 {¶ 11} "III. THE COURT NEEDS TO DETERMINE THE EXTENT OF THE COVERAGE PROVIDED BY EACH INSURER.
 {¶ 12} "IV. THE TRIAL COURT ERRED BY ORDERING ISOP TO PARTICIPATE IN BINDING ARBITRATION IN CONTRAVENTION OF ITS CONSTITUTIONAL RIGHTS TO A TRIAL BY JURY."
 {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 14} Civ.R. 56(C) states, in pertinent part:
 {¶ 15} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 17} It is based upon this standard we review appellant's assignments of error.
 I {¶ 18} In their first assignment of error, ISOP maintains the trial court erred in determining appellee David Welsh was entitled to UIM benefits under the ISOP policies, because appellee David Welsh failed to provide proper and timely notice of his UM/UIM claim, resulting in actual prejudice to ISOP. ISOP does not argue David Welsh is not an insured under the commercial auto or CGL policies. ISOP also does not cite language in the policies conferring upon ISOP the right to forfeit UM/UIM benefits owed to appellee.
 {¶ 19} It is undisputed UM/UIM coverage arises under the policies, if at all, by operation of law. Where coverage arises by operation of law, we have held restrictions to or conditions of coverage are not applicable. Scott-Pontzer v. Liberty Mutual Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292; Pelc v. Hartford Fire Ins. Co., etal., Stark App. No. 2002CA00142, 2003-Ohio-764; Greene v. Westfield Ins.Co., et al., Stark App. No. 2002CA00114, 2002-Ohio-6179; Rohr v.Cincinnati Ins. Co., Stark App. No. 2001CA00237, 2002-Ohio-1583. Accordingly, we conclude the notice and subrogation provisions found in the ISOP policies do not preclude coverage which arises by operation of law.
 {¶ 20} For the foregoing reason, ISOP's first assignment of error is overruled.
 II {¶ 21} In its second assignment of error, ISOP contends the trial court improperly granted appellee's motion for summary judgment and denied ISOP's motion for summary judgment, because the CGL policy does not provide UM/UIM coverage pursuant to R.C. 3937.18.
 {¶ 22} Appellee argues ISOP conceded coverage by operation of law with respect to the CGL policy as it did not raise the issue before the trial court. Appellee maintains, in the alternative, the CGL policy is an automobile policy subject to R.C. 3937.18.
 {¶ 23} Upon our review of the record, we find ISOP, in fact, raises this argument for the first time on appeal. This Court's review on appeal is limited to those materials in the record which were before the trial court. See: State v. Ishmail (1978), 54 Ohio St.2d 4. Accordingly, we find ISOP has waived the right to argue against UIM coverage under the CGL policy. Poulton v. American Economy Ins. Co., Stark App. Nos. 2002CA00038, 2002CA00061, 2002-Ohio-7214.
 {¶ 24} ISOP contends this Court may allow new issues or theories to be raised for the first time on appeal when there has been a significant change in the law since trial. ISOP cites the recent Ohio Supreme Court decision in Hillyer v. State Farm Fire Cas. Co., (2002), 97 Ohio St.3d 411, 2002-Ohio-6662 and this Court's decision inSzekeres v. State Farm Fire and Cas. Co. Licking App. No. 02CA0004,2002-Ohio-5989. We disagree with ISOP assertion these decisions constitute a "significant change" in the law sufficient to relieve ISOP of its failure to raise this argument in the trial court. Hillyer did not overrule Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541,1999-Ohio-287, but merely clarified Davidson v. Motorists Mut. Ins. Co.
(2001), 91 Ohio St.3d 262, 2001-Ohio-36. Szekeres was a 2-1 decision by this Court to this issue and is only of persuasive value.
 {¶ 25} ISOP's second assignment of error is overruled.
 III {¶ 26} ISOP contends, in its third assignment of error, the trial court should have determined the extent of coverage provided by each insurer. Appellee maintains the issues of whether ISOP's policies provide coverage on a primary, excess or pro-rata basis are not ripe for review. We agree. The extent of damages at issue in this case is yet to be determined; therefore, these issues are raised prematurely and would not be a valid basis to preclude summary judgment in favor of appellee.
 {¶ 27} The third assignment of error is overruled.
 IV {¶ 28} ISOP's fourth assignment of error alleges the trial court erred by ordering the parties to participate in binding arbitration. Appellee again argues ISOP waived this assignment of error by not raising or contesting the issue in the trial court. ISOP raises this argument for the first time on appeal. Based upon the analysis set forth in ISOP's second assignment of error, this Court concludes ISOP has failed to preserve this issue for appellate review. See, Poulton, supra,2002-Ohio-7214.
 {¶ 29} ISOP's fourth assignment of error is overruled.
 {¶ 30} The October 18, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Edwards, J. concur.