OPINION
{¶ 1} Defendant Republic-Franklin Insurance Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiffs-appellees on their claim for uninsured motorists benefits pursuant to the Supreme Court decision inScott-Pontzer v. Liberty Mutual Insurance Company, 85 Ohio St.3d 666,1999-Ohio-292, 710 N.E.2d 1116, Ezawa v. Yasuda Fire MarineInsurance Company, 86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.2d 1142, andSelander v. Erie Insurance Group, 85 Ohio St.3d 541, 1999-Ohio-287,709 N.E.2d 1161. Appellant assigns two errors to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES AND AGAINST DEFENDANT-APPELLANT REPUBLIC-FRANKLIN AND IN HOLDING THAT PLAINTIFFS'-APPELLEES' BREACH OF THE NOTICE, CONSENT, AND PRESERVATION OF SUBROGATION RIGHTS PROVISIONS OF THE REPUBLIC-FRANKLIN BUSINESS AUTO POLICY DID NOT BAR THEIR RECOVERY."
 {¶ 3} "THE TRIAL COURT ERRED IN HOLDING THAT THE UM/UIM REJECTION/SELECTION OF LOWER LIMIT FORM CONTAINED IN THE REPUBLIC-FRANKLIN BUSINESS AUTO POLICY DID NOT SATISFY THE REQUIREMENTS OF O.R.C. 3937.18."
 {¶ 4} Appellants' declaration pursuant to Loc. App.R. 9 states the judgment was inappropriate as a matter of law on the undisputed facts.
 {¶ 5} The accident which gave rise to this action occurred on February 1, 1998. On that date, Patricia Shirley lost control of her vehicle and went off the roadway. Both Patricia and a passenger in the car, Patricia's husband, Robert S. Shirley, were killed as a result of the crash. The plaintiffs/appellees here are the family members of Robert S. Shirley, including Norma S. Shirley, his mother; John Shirley, his father; Shannon Reed, fna, Shannon Shirley, his sister; and Daryl Shirley, his brother. On the date of the accident, all four lived together in Paris, Stark County, Ohio.
 {¶ 6} On the date of the accident, decedent was an employee of Canton Gear Corporation, the named insured on a business auto policy issued by appellant Republic-Franklin. The policy provided liability coverage in the amount of $500,000, but $250,000 in UM coverage. The trial court found decedent was an insured for purposes of uninsured motorists coverage, and his estate was entitled to receive uninsured motorists benefits by operation of law. The trial court further found Republic-Franklin's reduction form was invalid because it did not comply with Linko v. Indemn. Ins. Co. of N. Am., 90 Ohio St.3d 445,2000-Ohio-92, 739 N.E.2d 338.
 {¶ 7} Appellant argues the trial court was incorrect in finding its UM rejection/selection of lower limits form does not satisfy the requirements of R.C. 3937.18 as amended by H.B. 261.
 {¶ 8} After the trial court journalized its decision in this case, and during the pendency of this appeal, the Ohio Supreme Court decided the case of Kemper v. Michigan Millers Mut. Ins. Co.,98 Ohio St.3d 162, 2002-Ohio-7101, 781 N.E.2d 196. In Kemper, the Ohio Supreme Court found a policy of insurance written after the enactment of H.B. 261 (effective 1997), but before S.B. 97 (effective 2001) must comply with the requirements stated in Linko, supra. The Supreme Court found a signed rejection does not act as an effective declination of UM/UIM coverage, where there is no other evidence, oral or documentary, of an offer of coverage.
 {¶ 9} The Kemper case is directly on point. The reduction form signed by Canton Gear does not set forth the premium costs for UM coverage, or expressly state the UM coverage limits in its offer.
 {¶ 10} We find the trial court did not err in declaring the reduction form invalid, and concluding the policy limits available to appellees was $500,000, equal to the liability coverage limits in the policy.
 {¶ 11} Appellants next argue the trial court erred in granting summary judgment in favor of appellees because appellees violated the terms of the insurance contract, namely, the right to notice and preservation of subrogation rights against the tortfeasor.
 {¶ 12} In Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, 781 N.E.2d 927, the Ohio Supreme Court held when an insurer claims to be released from the obligation to pay UM coverage because of prejudice by lack of reasonable notice or the insured's failure to obtain consent to settlement of the tort case, unreasonable delay in breach of a consent to settle or other subrogation related provision is presumed prejudicial to the insurer, and the insured bears the burden of rebutting the presumption. The Supreme Court also held the questions of reasonableness of notice and prejudice are factual questions for the trier of fact, and are not appropriate for summary judgment.
 {¶ 13} We find the trial court erred in finding the notice and subrogation clauses are void because coverage arose by operation of law. When the coverage arises by operation of law, the exclusions in the flawed contract for insurance are not enforceable. However, notice and subrogation are not exclusions to coverage. Instead, after a claimant has demonstrated he is insured under the contract, then he must demonstrate he gave reasonable notice, and protected the subrogation rights of the insurer, as conditions precedent to recovery. The giving of notice and protection of subrogation are matters wholly within the control of the insured party, and take place after the right to recovery has accrued. They are not exclusions to coverage.
 {¶ 14} In the recent case of Heiney v. The Hartford
___ Ohio St.3d ___, 2002-1505, the Ohio Supreme Court remanded the case to the Franklin County Court of Common Pleas to conduct a Ferrando appeal.
 {¶ 15} Although the Supreme Court does not elaborate, a review of the Franklin County Court of Appeals case is instructive. The court of appeals directly addressed the issue of whether notice and subrogation are conditions precedent or restrictions on coverage, and held they are conditions precedent. The court of appeals held even though the UM/UIM coverage arose as a matter of law, the notice and subrogation conditions apply. The court found material prejudice and concluded the claimant could not recover. The court of appeals did not remand the matter back to the trial court for a Ferrando analysis, even though Ferrando was decided seven months earlier.
 {¶ 16} Upon appeal, the Supreme Court entered a merit decision without opinion. The only issues the court of appeals ruled on were notice and subrogation issues, so it is inconceivable the Supreme Court would have remanded the matter for a Ferrando review if it found the notice and subrogation clauses were unenforceable. We must conclude the Supreme Court found merit in considering whether the claimant had violated the notice and subrogation clauses.
 {¶ 17} We find the trial court incorrectly found the issues of notice and subrogation are without merit because coverage arose by operation of law.
 {¶ 18} Pursuant to Ferrando, we find the trial court erred in entering summary judgment, because the issues of notice and subrogation presented genuine issues of material fact of resolution by the trier of fact.
 {¶ 19} The assignment of error is sustained in part and overruled in part.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in light of Supreme Court mandate in Ferrando, supra.
By Gwin, P.J., Edwards, J., dissents