WENTLING, APPELLEE, *v.* MOTORISTS INSURANCE COMPANIES, APPELLANT.

[Cite as *Wentling v. Motorists Ins. Cos.,*
103 Ohio St.3d 118, 2004-Ohio-4778.]

(Nos. 2002–1742 and 2002–1783—Submitted July
20, 2004—Decided September 22, 2004.)

{¶ 1} The judgment of the court of appeals is vacated and the cause is remanded to the trial court for application of *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

LUNDBERG STRATTON, J., concurring.

{¶ 2} I agree with the majority that the judgment of the court of appeals should be vacated and the cause remanded for further proceedings under *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. Since we are vacating the court of appeals' judgment, the conflict certified to this court under Proposition II will no longer exist. Although the Fifth District has reached conflicting conclusions on this issue (see *Welsh v. Indiana Ins. Co.,* Stark App. No. 2002CA00379, 2003-Ohio-5244, 2003 WL 22251403; *Shirley v. Republic–Franklin Ins. Co.,* Stark App. No. 2002CA222, 2003-Ohio-5369, 2003 WL 22300546; *Burkhart v. CNA Ins. Co.,* Stark App. No. 2001CA00265, 2002-Ohio-903, 2002 WL 316224; *Myers v. Safeco Ins. Co.* [Feb. 18,

2000], Licking App. No. 99CA00083, 2000 WL 329800), we do not know how this issue will be resolved upon remand. Therefore, it would be premature for us to decide at this point what appears to be a conflict within the Fifth District. We leave this issue to another day when the Fifth District's final pronouncement actually conflicts with pronouncements of other jurisdictions.

---

Teodosio, Manos & Ward and Barry M. Ward, for appellee.

Day Ketterer Ltd. and Merle D. Evans III, for appellant.