OPINION
{¶ 1} On February 15, 1990, appellant, Donald Hannah, was injured in a motor vehicle accident caused by the negligence of another. At the time of the accident, appellant was insured under a personal automobile policy issued by appellee, State Automobile Mutual Insurance Company. The policy provided liability coverage in the amounts of $100,000/$300,000, and included a form which reduced uninsured/underinsured motorist coverage to $15,000/$30,000.
 {¶ 2} On February 22, 2002, appellant, together with his wife, Amelia Hannah, filed a complaint for declaratory judgment seeking underinsured motorists benefits from various insurance policies. On April 1, 2003, appellants filed an amended complaint seeking underinsured motorist benefits from the State Auto automobile policy. All parties filed motions for summary judgment. By judgment entry filed June 29, 2004, the trial court found in favor of State Auto, finding appellants failed to bring their action within two years as required in the policy.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in granting summary judgment to state automobile mutual insurance company (`state auto') and in denying summary judgment to donald hannah (`hannah') under state auto's policy."
 I {¶ 5} Appellants claim the trial court erred in granting summary judgment for State Auto. We agree in part.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35. We must presume the facts in favor of the non-moving party. Appellants and State Auto filed cross-motions for summary judgment.
 {¶ 9} State Auto does not contest that there was an invalid reduction of the uninsured/underinsured motorist coverage. Appellee's Brief at 6. The gravamen of this appeal is whether the contract provisions of the uninsured/underinsured motorist policy apply when there is not a valid reduction in said coverage. It is conceded that uninsured/underinsured coverage usually is the same as the liability portion of the underlying insurance. The question is whether the uninsured/underinsured motorist policy provisions apply. We answer that question in the affirmative.
 {¶ 10} During the four year legal history and evolution of the Scott-Pontzer doctrine,[1] a concept of imposing uninsured/underinsured coverage by operation of law developed. InDemetry v. Kim (1991), 72 Ohio App.3d 692, the concept of a policy created by operation of law had its genesis. All of the various scenarios presented under the Scott-Pontzer progeny did not involve a valid uninsured/underinsured motorist policy as we have sub judice. We conclude the imposition of contractual policy limits by operation of law does not extinguish the policy provisions of the uninsured/underinsured motorist contract.
 {¶ 11} It is interesting to note the "operation of law" philosophy of the numerous cases generated by this court developed from different conditions. In the preceding cases, uninsured/underinsured motorist policies did not exist and we created the policies. Today, we have a policy and we are creating only the policy limits.
 {¶ 12} We therefore conclude the policy provisions sub judice survived the failed policy reduction and appellants were required to meet the provisions therein i.e., notice and subrogation. We find this conclusion to be consistent with Cox v. State FarmFire Casualty Co., Licking App. No. 2001CA00117, 2002-Ohio-3076, abrogated on other grounds, Dalton v. TravelersInsurance Co., Stark App. Nos. 2001CA00380, 2001CA00409, 2001CA00393, 2001CA00407, 2002-Ohio-7369, and Shirley v.Republic Franklin Insurance Co., Stark App. No. 2002CA222, 2003-Ohio-5369.
 {¶ 13} The trial court's decision found the delay was tantamount to prejudice. Appellants argue there was no basis for the claim of prejudice as the exhibits indicate it was a clear liability accident and the tortfeasor was uncollectible. Based upon the rebuttal perspective espoused by the Supreme Court of Ohio in Ferrando v. Auto-Owners Mutual Insurance Co.,98 Ohio St.3d 186, 2002-Ohio-7217, we conclude the matter should be reviewed under the Ferrando standard.
 {¶ 14} The sole assignment of error is granted in part.
 {¶ 15} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby vacated and remanded.
Farmer, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is vacated, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee State Auto.
[1] Scott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292.