OPINION
{¶ 1} Plaintiff-Appellant Veneta Lalli appeals from the Stark County Court of Common Pleas' November 22, 2005, Judgment Entry which granted appellee Allstate Insurance Company's Motion to Set Dates and from the December 21, 2005, Judgment Entry which overruled appellant's Motion for Reconsideration of the Order Setting Dates. Appellant assigns a single error:
 {¶ 2} "I. THE TRIAL COURT ERRED IN ORDERING THAT APPELLANT'S CASE PROCEED TO JURY TRIAL WHEN THE EARLIER FINAL JUDGMENT OF THE TRIAL COURT, FROM WHICH NO APPEAL WAS TAKEN BY ALLSTATE INSURANCE COMPANY, ORDERED APPELLANT'S CASE TO BINDING ARBITRATION. IN EFFECT, THE TRIAL COURT ERRED WHEN IT UNILATERALLY VACATED ITS PRIOR FINAL JUDGMENT CONCERNING APPELLANT'S ENTITLEMENT TO BINDING ARBITRATION."
 {¶ 3} This case is one of a number of lawsuits arising out of an automobile accident. On January 7, 1997, Fannie Welsh was driving home from work, when Thomas Sherwood negligently operated his vehicle, striking the Welsh automobile. Following the accident, Fannie Welsh prematurely gave birth to Eleni Welsh. Eleni died a few hours after delivery.
 {¶ 4} Mr. Sherwood, the tortfeasor, had automobile liability coverage with limits of $100,000.00 per person and $300,000.00 per accident. Keith Welsh, as the administrator of the Estate of Eleni Welsh, settled with the tortfeasor and his insurer for $100,000.00. The Stark County Probate Court divided this settlement among Eleni's parents Keith and Fannie Welsh, and Cathleen and David Welsh, the paternal grandparents of Eleni Welsh with whom Keith and Fannie resided. Appellant, the maternal grandmother of Eleni Welsh, did not receive any portion of this settlement.
 {¶ 5} On June 22, 2001, the plaintiffs, including the Estate, Keith and Fannie Welsh, Cathleen and David Welsh, and Appellant, filed a complaint for declaratory judgment in the Stark County Court of Common Pleas seeking coverage under nine different policies of insurance, pursuant to R.C. 3937.18 and the Ohio Supreme Court's decision inScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116. In addition to the variousScott-Pontzer claims, appellant sought uninsured/underinsured motorist benefits under her personal auto policy issued by appellee Allstate pursuant to Moore v. State Auto Insurance Company, 88 Ohio St.3d 27,2000-Ohio-264, 723 N.E.2d 97 and Sexton v. State Farm Mut. Auto Ins.Co. (1982), 69 Ohio St.2d 431, 433 N.E.2d 555.
 {¶ 6} In their complaint, the plaintiffs asked the trial court to declare uninsured/underinsured motorist coverage existed under the various policies in question, and asked the trial court to order the parties to binding arbitration to determine the issue of total damages.
 {¶ 7} All parties filed motions for summary judgment. On October 18, 2002, the trial court granted the plaintiffs' motion for summary judgment and denied the motions for summary judgment of the various insurers. The trial court also ordered all parties to binding arbitration to determine the issue of total damages, stating: "[a]s to the issue of binding arbitration, this Court finds that although not all the policies have a binding arbitration clause, this entire matter shall be ordered to binding arbitration to determine the issues of liability and damages." Allstate did not appeal the decision. However, numerous other parties appealed the October 18, 2002, judgment entry.
 {¶ 8} The Scott-Pontzer carriers filed se ¶ te notices of appeal, each raising distinct variations of the Scott-Pontzer issues. This court addressed these appeals in four se ¶ te opinions, see Welsh v. IndianaInsurance Co., Stark Cty. App. No. 2002CA00370, 2003-Ohio-5026;Welsh v. Indiana Insurance Co., Stark Cty. App. No 2002CA00376,2003-Ohio-5827; Welsh v. Indiana Insurance Co., Stark Cty. App. No 2002CA00378, 2003-Ohio-5054; and, Welsh v. Indiana Insurance Co., Stark Cty. App. No 2002CA00379, 2003-Ohio-5244.
 {¶ 9} The Ohio Supreme Court's decision in Westfield Ins. Co. V.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256 ultimately disposed of all the Scott-Pontzer claims.
 {¶ 10} In August of 2005 the Ohio Supreme Court declined jurisdiction in the last of the Scott-Pontzer appeals. Thereafter, appellant asked Allstate to proceed to binding arbitration as required by the trial court's October 18, 2002, judgment entry. On October 24, 2005, Allstate filed a motion which asked the trial court to set a new case management schedule, because all of the Scott-Pontzer carriers had been dismissed and the only remaining defendant was Allstate. Appellant responded by asking the court to order Allstate to designate an arbitrator and proceed with arbitration.
 {¶ 11} On November 22, 2005, the trial court granted Allstate's motion and set dates to take the case to trial. Appellant filed a motion for reconsideration, which the trial court denied without discussion on December 21, 2005.
 {¶ 12} R.C. 2711.02 states in pertinent part:
 {¶ 13} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 14} "(C) Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 15} We find the October 18, 2002, judgment entry was a final appealable order. The fact the entry did not contain the language "no just reason for delay" does not alter our analysis. See, Griffith v.Linton (Franklin Cty. 1998), 130 Ohio App.3d 746, 750, 721 N.E.2d 146, citing Stewart v. Shearson Lehman Bros., Inc., (1992),71 Ohio App.3d 305, 593 N.E.2d 403, syllabus, (decision pursuant to R.C. 2711.02 is a final appealable order even without the language required in Civ. R. 54(B)).
 {¶ 16} In contrast, Allstate argues the court treated its motion to set a case management schedule as a motion for reconsideration of the October 18, 2002, judgment entry ordering arbitration. However, the Ohio Rules of Civil Procedure do not provide for a motion to reconsider a final judgment in original actions, and motions for reconsideration are considered a nullity, as are all judgments or orders entered on them. See Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, 379,423 N.E.2d 1105. We find because the October 18, 2002, judgment entry was a final appealable order, the court could not treat Allstate's motion as a motion for reconsideration.
 {¶ 17} In Grava v. Parkman Township, 73 Ohio St.3d 379, 1995-Ohio-331, the Ohio Supreme Court explained the principle of res judicata involves both issue preclusion and claim preclusion, historically called estopppel by judgment. A valid final judgment rendered on the merits of a case bars all subsequent actions based upon any claim arising out of the transaction or occurrence which was the subject matter of the previous action. Id. We find because Allstate did not appeal the October 2002 final judgment ordering the matter to arbitration, the principles of res judicata apply.
 {¶ 18} Further, the trial court found the arbitration provision in the Allstate policy requires both parties consent in order for arbitration to be mandatory, and the court found both parties have not consented. We do not agree. Allstates' failure to appeal the order in 2002 constitutes consent to the arbitration, and Allstate cannot withdraw its consent three years later, based upon a change in the law affecting other defendants, i.e. Galatis, but not directly affecting the pending claim, brought pursuant to Sexton and Moore.
 {¶ 19} We find the court erred in reactivating the case to the docket for resolution of appellant's claim against Allstate. The assignment of error is sustained.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. By: Gwin, P.J., Boggins, J. concurs; Edwards, J. dissents
HON: W. SCOTT GWIN HON: JULIE A. EDWARDS HON: JOHN F. BOGGINS
WSG:clw 1205